**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

HAWER ARENAS, WILFREDO CRUZ, TRUMAN
DIGGINS, JON JOSEPHSON, RICARDO MIRANDA,
ERNESTO RAMOS,

                          **Plaintiffs,**

-vs-                                                                       Case No. 6:05-cv-1029-Orl-28KRS

N.E.P. PAINTING, INC., CLARENCE SPRUILL, SR.,

                          **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 23)**
>
> **FILED:**       February 2, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

      Plaintiffs filed suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., alleging that Defendants N.E.P. Painting Inc. (NEP) and Clarence Spruill Sr. failed to pay them minimum wages due under the FLSA, and wages due under employment contracts. Doc. No. 1. On August 11, 2005, Spruill filed a letter responding to the Complaint, which has been construed to be his individual answer to the Complaint. Doc. No. 5.

      NEP did not answer the complaint. Accordingly, pursuant to a motion filed by Plaintiffs, the Clerk of Court entered a default against NEP on November 14, 2005. Doc. No. 17. Plaintiffs now seek entry of a default judgment against NEP. Doc. No. 23.

Under the FLSA, both the corporate employer and the individual with operational control of the corporation may be jointly and severally liable. *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986). Entering a default judgment against only NEP, the corporate employer in this case, raises the possibility of inconsistent judgments should Spruill, the individual alleged to have operational control over NEP, successfully present a defense that he, through NEP, did not violate the FLSA, or that any violation was not wilful. The possibility of inconsistent judgments should be avoided whenever possible. *See, e.g., Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984).

Accordingly, I respectfully recommend that the Court decline to enter a default judgment against NEP until such time the claims against Spruill are resolved.

The Clerk of Court is directed to mail a copy of this Order to Defendant Spruill.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 27, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy